IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TOBY MACK DEVENPORT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-225-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Toby Mack Devenport ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

**I.     BACKGROUND**

On January 8, 2015, Petitioner was charged by Indictment in Wheeler County, Texas with possession with intent to deliver methamphetamine. (ECF 14-1 at 6).

The matter came to trial before the 31st District Court of Wheeler County, Texas on February 23 and 24, 2015, following which Petitioner was convicted. (*Id.* at 10). The jury assessed a ninety-year sentence, (*Id.*), which the court imposed. (*Id*. at 7–8). Petitioner sought review of his conviction in the Seventh Court of Appeals, which affirmed on March 9, 2016. (ECF 14 at 2); *see also Devenport v. State*, 2016 WL 908147 (Tex. App.—Amarillo, no pet.). Petitioner did not file a petition for review with the Texas Court of Criminal Appeals. (ECF 14 at 2).

Petitioner filed a state habeas application with the Texas Court of Criminal Appeals ("TCCA") on July 20, 2019, (*Id.*), which was denied without written order on November 20, 2019.

(ECF 14-1 at 2). The Clerk filed the instant petition on October 29, 2021, though Petitioner signed it on July 21, 2021. (ECF 1 at 10).

## II. PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The state trial court failed to properly address his habeas application, including failure to hold a hearing on the merits of his claim;

2. Ineffective assistance of trial counsel for failure to conduct an investigation into alleged constitutional violations;

3. Ineffective assistance of trial counsel for failure to make opening or closing statements at trial, cross examine witnesses, or explore possible defense theories; and

4. Ineffective assistance of trial counsel for failure to present mitigating evidence during the punishment phase of trial.

(ECF 1 at 6–7).

## III. STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a 1-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## IV.   RESPONSIVE PLEADINGS

On January 21, 2022, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (ECF 14). Therein, Respondent briefed applicable statutory and caselaw regarding the 1-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitation period. Respondent also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*).

Petitioner has not replied to the Answer, as invited to by the Court, (ECF 9 at 2), instead relying on an unsigned memorandum of law filed with his Petition that does not address the timeliness issue. (ECF 2).

## V.   FINALITY OF CONVICTION

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002). With regard to the finality of Petitioner's judgment of conviction, the undersigned makes the following findings and/or conclusions:

1. Petitioner was sentenced on February 24, 2015. (ECF 14-1 at 10). Petitioner filed a direct appeal of his conviction with the appropriate state intermediate

   appellate court who, on March 9, 2016, affirmed Petitioner's conviction and sentence. (ECF 14 at 5).

2. Petitioner's judgment of conviction became final on April 8, 2016, when the 30-day period to file a petition for discretionary review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

## VI.  START OF THE LIMITATIONS PERIOD

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

On page nine of the form habeas application Petitioner submitted, wherein he was instructed to explain why the 1-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition if the judgment of conviction became final over one year ago, Petitioner stated that he "is being held illegally against the U.S. Constitution and the Texas Constitution on the violation of the 4th, 5th, 6th, 8th, and 14th amendments. The illegal police tactics infringed personal liberty and this voided jurisdiction of the District Court to act." (ECF 1 at 9).

This statement does not provide a cognizable basis for Petitioner's failure to abide by the statute of limitations.

### A. Statutory Tolling

The 1-year limitations period is tolled for the time during which a properly filed application for state habeas relief or other collateral review is pending. Petitioner signed such a Petition on July 20, 2019, and the TCCA received it on September 10, 2019. (ECF 14 at 2–3). It was denied on November 20, 2019. (*Id.*). Because it is not determinative of the outcome, the Court will toll that entire period, despite questions about the propriety of such a lengthy delay between Petitioner's signing and the TCCA filing. However, as this time period is outside the AEDPA

statutory period for filing his federal habeas petition, such tolling does not affect the timeliness of the Petition.

**B. Findings**

With regard to the start of the 1-year limitation period and statutory tolling of the limitation period, the undersigned makes the following findings and conclusions:

1. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3. Petitioner's claims are not of such a nature that the factual predicate of the claims presented could not have been discovered, through the exercise of due diligence, until a date subsequent to the conclusion of Petitioner's direct review of his conviction.

4. The 1-year period of limitation in this case began on the date on which Petitioner's judgment became final, that is April 8, 2016.

5. Petitioner's federal habeas corpus petition was thus due on or before April 8, 2017 (upon the expiration of one year) unless the limitation period was statutorily or equitably tolled.

6. Although Petitioner did file a state habeas action, he did not do so until well after the passing of the limitations period. His Petition is, therefore, untimely.

## VII.   EQUITABLE TOLLING

The 1-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a

5

litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. Petitioner does not even attempt to explain his delays in this case. (ECF 1 at 9). Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

### VIII. FINDINGS AND CONCLUSIONS

1. The 1-year statutory limitation period in this case was not equitably tolled.

2. Petitioner's federal habeas corpus application, filed July 21, 2021 when Petitioner purportedly placed the application in the state prison mail system,[1] was filed **after** the expiration of the statute of limitations and **is time barred**. The time period for filing the federal application was not tolled by the filing of any state habeas application.

---

[1] *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (a federal habeas petition is "filed" for purposes of the limitation period when the inmate tenders his petition to prison officials for mailing).

## IX.     RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed September 30, 2019 (ECF 16), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner TOBY MACK DEVENPORT be DISMISSED with prejudice as time barred.

## X.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 16, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).